UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
**DEC 18 2017**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Benjamin P. Foreman, )
)
    Plaintiff, )
)
v. ) Civil Action No. 17-2367 (UNA)
)
Federal Bureau of Prisons, )
)
    Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. For the reasons explained below, the *in forma pauperis* application will be granted and this case will be dismissed pursuant to 28 U.S.C. § 1915A, which requires immediate dismissal of a prisoner's complaint that fails to state a claim upon which relief can be granted.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff is incarcerated at the Federal Correctional Institution in Milan, Michigan. He alleges that the Bureau of Prisons ("BOP") is maintaining false and misleading information contained in his presentence report, which is adversely affecting his custody. *See* Compl. at 8-9. Although BOP is named as the sole defendant, plaintiff does not seek any relief from BOP. Nor is the logical relief of amending the information available because "the Bureau of Prisons has exempted its inmate record systems

1

from the . . . accuracy and amendment provisions" of the Privacy Act, 5 U.S.C. § 552a(e). *Lane v. Fed. Bureau of Prisons*, 442 Fed. App'x 578 (D.C. Cir. 2011) (per curiam) (citing *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (per curiam); *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam)).

Although plaintiff's failure to state a claim against BOP essentially ends the matter, nothing prevents plaintiff from amending the complaint to add a defendant. Therefore, the Court will explain briefly why an amendment would be futile. Plaintiff invokes the Administrative Procedure Act ("APA") and the Declaratory Judgment Act. *See* Compl. at 1. He seeks an order to compel a United States probation officer to correct his presentence report and a declaratory judgment with respect to the corrected information. *See* Compl. at 10-11. But as "an administrative unit" of the federal district court, the U.S. Probation Office "is not subject to the terms of the Privacy Act," *Callwood v. Dep't of Prob. of the Virgin Islands*, 982 F. Supp. 341, 343 (D.V.I. 1997), or the APA, *Washington Legal Found. v. United States Sentencing Comm'n*, 17 F.3d 1446, 1449 (D.C. Cir. 1994). As a result, this civil court cannot grant the relief plaintiff seeks. Plaintiff's recourse lies, if at all, in the sentencing court in proceedings under Rule 32 of the Federal Rules of Criminal Procedure. Accordingly, this case will be dismissed.[1]

Date: December 18, 2017

United States District Judge

---

[1] A separate order accompanies this Memorandum Opinion.